FREDERICK E. BENHAM, as Administrator, etc., of ROBERT BENHAM, Deceased, Appellant, *v.* SCHENECTADY RAILWAY COMPANY, Respondent.

Third Department, July 1, 1918.

**Appeal — right of plaintiff who has been nonsuited to favorable view of evidence — street railroads — death of pedestrian who stepped upon track in front of approaching suburban car — negligence — contributory negligence — evidence — rule prevailing at street intersections in cities not applicable.**

A plaintiff who has been nonsuited is entitled on appeal to the most favorable view of the evidence which the jury might properly have taken.

In an action against an interurban electric railway company, it appeared that the plaintiff's decedents, two brothers about sixteen years of age, who were walking along the highway parallel with the defendant's railroad, in plain view of an approaching car, stepped upon the track at a point some fifty feet from an avenue which did not cross the h'ghway, and at which there was no station, and were killed.

*Held,* on all the evidence, that there was no actionable negligence upon the part of the defendant at the point of the accident, but that the decedents were guilty of contributory negligence.

The rule which prevails at street intersections in cities, and the precautions which are required at station points must be modified to meet the demands of public travel upon suburban ways.

APPEAL by the plaintiff, Frederick E. Benham, as administrator, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Albany on the 27th day of December, 1917, upon a dismissal of the complaint by direction of the court at the close of the case.

*Thomas A. Allen* [*Thomas Francis Woods* of counsel], for the appellant.

*Naylon & Robinson* [*P. C. Dugan* of counsel], for the respondent.

WOODWARD, J.:

The plaintiff has been nonsuited, and is, of course, entitled to the most favorable view of the evidence which the jury might properly have taken; but in this most favorable aspect

we are persuaded the plaintiff failed to establish a cause of action.

The defendant operates an interurban ·electric railroad between Albany and Schenectady, with local and limited cars. On the 7th day of February, 1916, at about five-forty-five P. M., one of the defendant's limited cars struck and killed Robert Benham and his brother, near Frost avenue in the city of Albany. This avenue does not cross . the Schenectady turnpike, the highway upon which the defendant's car was operated, but extends south from such highway, and the Benham brothers lived upon this avenue and were, at the time, on their way home from work. All the evidence establishes the fact that there was no station at Frost avenue. The Benham brothers were seen walking along the Schenectady highway, parallel with the railroad, for a considerable distance, the defendant's car being in plain·view all of the time, and at a point near Frost avenue these boys, sixteen and eighteen years of age respectively, stepped upon the track upon which the defendant's car was running and were killed. The positive testimony is that they stepped upon the track, not at Frost avenue, but some fifty feet from it, and we discover no evidence contradicting this point, though some of the witnesses locate the accident generally at Frost avenue.

The plaintiff urges upon this appeal that the night was stormy and that light snow was flying about the car; but this situation was as obvious to the Benham brothers as to the motorman of this limited car, and the situation called for reasonable care on the part of both parties. The evidence indicates that the car was moving from thirty to fifty miles an hour, but it is not suggested that this was faster than was required by its schedule, or that experience had demonstrated that it was an improper rate of speed at the point of the accident upon an interurban line of railroad, and the operator of the defendant's car was not bound to assume that two young men, traveling along the highway with the car in plain view, would step upon the track immediately in front of the car and at a time when it would be impossible, as the result shows, to stop the car. The undisputed evidence is that the motorman reversed his power and applied his brakes as soon as it was apparent that these boys were in

danger, but that the car ran a considerable distance before the momentum could be overcome. It seems to us clear that there was no actionable negligence upon the part of the defendant at the point of this accident. The rule which prevails at street intersections in cities, and the precautions which are required at station points, must be modified to meet the demands of public travel upon suburban ways, in harmony with the common experiences of mankind. These boys were familiar with the situation; they knew the method of operating the cars; and they knew that there was no station either for the limited or for the local cars at Frost avenue. With a car in plain view they had no right to anticipate that it would be operated with reference to their mere caprice. It was performing a public service which required it to be operated as a practical carrier, and they had no right to expect that the motorman would anticipate that they would heedlessly step in front of the car at this point. The evidence indicates that one of the boys grabbed the other and that the two recklessly attempted to cross the track in front of the rapidly-moving car; conduct which the motorman was not bound to anticipate, and which was, no doubt, the proximate cause of the accident.

Great stress is laid upon the alleged stormy weather and the rapid rate at which the car was moving. The plaintiff seems to think the defendant was the only one who was bound to take notice of these conditions. But the situation was as obvious to persons out in the storm as to the defendant's servants; and while it is true upon city streets, at intersections, there is an obligation on the part of the motorman to have his car in control, and persons are not necessarily guilty of contributory negligence because they have erred in judging of the speed of an oncoming car, there was, at the point of this accident, no reason for the application of these rules. The motorman, even if the car had been a local car, would not have been called upon to anticipate the acts of these boys, and to have had his car in that control which would have been demanded at a street intersection upon the crowded streets. He was called upon to exercise reasonable care under the circumstances which it was reasonable to anticipate would exist at the point in question, and to take

care to avoid injuring these boys when it became obvious that they were in danger. This he did, and we are unable to discover actionable negligence on the part of the defendant.

The defendant pleaded the contributory negligence of the plaintiff's intestate, and the evidence of the plaintiff brought out the facts which clearly established the negligence of the decedent. He stepped upon the track in front of the advancing car at a point where the motorman had no reason to anticipate such an act, and the defendant ought not to be charged with responsibility for this act of the decedent.

The judgment appealed from should be affirmed, with costs.

Order unanimously affirmed, with costs.